UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JUAN GALLEGO-ESCOBAR,

                       Petitioner,                  Case No. 1:26-cv-1843

v.                                       Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                       Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.  Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to immediately release Petitioner, or in the alternative, order Respondents to provide Petitioner with a bond hearing that meets the requirements of due process. (Pet., ECF No. 1, PageID.8.)

In an Order entered on June 22, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 4.) Respondent filed his response on June 25, 2026, (ECF No. 5), and a recording of the June 15, 2026, bond hearing on June 25, 2026. (Recording of Jun. 15, 2026, Bond Hearing, filed on Jun. 25, 2026.) Petitioner filed a reply on June 30, 2026, (ECF No. 6.)

II.    **Factual Background**

Petitioner is a native and citizen of Colombia. (Pet., ECF No. 1, PageID.4; Form I-213, ECF No. 5-1, PageID.26.) Petitioner entered the United States in 2023 without inspection. (Form I-213, ECF No. 5-1, PageID.28.) On October 7, 2024, Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal with the United States Citizenship and Immigration Services (USCIS), which remains pending. (*Id.*)

On April 30, 2026, ICE agents arrested Petitioner. (Pet., ECF No. 1, PageID.5; Warrant for Arrest of Alien, ECF No. 5-2, PageID.31.) On April 30, 2026, ICE served Petitioner with a Notice to Appear (NTA) charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 5-1, PageID.34–37.)

On June 15, 2026, Petitioner received a bond hearing. (Order Immigration Judge, ECF No. 5-5, PageID.40.) At the close of the bond hearing, the Immigration Judge stated:

> I am going to deny the [Petitioner's] bond and find that he has not met his burden to show that he is not a danger to the community.

(Recording of June 15, 2026, Bond Hearing at 13:57–14:05, filed on June 25, 2026.) At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond in a written order. (Order Immigration Judge, ECF No. 5-5, PageID.40.)

**III.    Analysis**

Respondent argues that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondent's arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.    Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondent to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondent to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status

report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.


Dated:        July 6, 2026              /s/ Jane M. Beckering
                                         Jane M. Beckering
                                         United States District Judge